**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3441
_____

MONSERRATE ZAPATA,
Appellant

v.

PECO; PHILADELPHIA ELECTRIC COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 17-cv-03699)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2018
Before:  SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed February 21, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Monserrate M. Zapata appeals the District Court's orders dismissing his complaint and denying his motion for reconsideration. We will affirm the District Court's judgment.

In September 2017, Zapata filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania against the Philadelphia Electric Company ("PECO"). Zapata alleges that PECO violated his Fourteenth Amendment due process and equal protection rights when it issued two "shut off notices" on October 4, 2016, and July 11, 2017, because Zapata failed to give PECO access to inspect its meter. He claims that he never denied PECO access to the meter and, in fact, replied to PECO that "upon advance notice that [he] would be at his home, or will have someone at home to open the doors so that PECO could inspect [their] electric meter." Zapata also contends that the meter is functional, that he is billed excessively, and that his monthly bills, including additional charges incurred in connection with a "shut off," could result in his losing his home.

The District Court dismissed Zapata's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that PECO is not a state actor for purposes of § 1983, and that Zapata had failed to state a constitutional violation. In October 2017, Zapata filed a "Petition for Review of the Memorandum and Order of the U.S. District Court 9/14/17,"

2

which the District Court construed as a motion for reconsideration and subsequently denied. Zapata appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We review the District Court's denial of the motion for reconsideration for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court's disposition of this case. To assert a claim under § 1983, a plaintiff "must establish that [he] was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). As Zapata acknowledged in his complaint, PECO is a "corporate structure." SEC filings[1] reveal that Exelon Corporation is a registered public utility holding company and that PECO is an operating company wholly owned by Exelon. In virtually identical circumstances, the Supreme Court held that a privately owned and operated Pennsylvania

---

[1] We may take judicial notice of these filings. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

3

utility corporation was not a state actor in connection with its decision to shut off an individual's electricity.  Jackson v. Metro. Edison Co., 419 U.S. 345, 358 (1974).  Zapata did not plead anything in his complaint to differentiate his case from Jackson.

In his appellate brief, Zapata argues that PECO was acting in accordance with "State law 129."[2]  However, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State."  Id. at 350; see also Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action."); Crissman v. Dover Downs Entm't Inc., 289 F.3d 231, 243 (3d Cir. 2002) ("regulation – even detailed regulation, as we have here – does not equate to state action," nor does "the flow of funds . . . implicate the state in private activity").  Accordingly, Zapata cannot establish a claim under § 1983.

Finally, the District Court did not abuse its discretion in denying Zapata's motion for reconsideration because he did not establish any bases for reconsideration.  See Max's Seafood Café, 176 F.3d at 677.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] Act 129 of 2008 amended Pennsylvania's Public Utility Code for the purpose of reducing energy consumption and demand by setting in motion a multi-phase implementation process that addressed electric distribution companies and default service provider responsibilities, conservation service providers, smart meter technology, time-of-use rates, real-time pricing plans, default service procurement, market misconduct, alternative energy sources, and cost recovery.  See Romeo v. Pa. Pub. Util. Comm'n, 154 A.3d 422, 424 (Pa. Commw. Ct. 2017) (discussing Act of October 15, 2008, P.L. 1592, No. 2008–129).